# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA STRAUTMANN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>R.A.M. RODNEY CORNER, INC. and ADAM BAKER,<br><br>　　　　Defendants. | CIVIL ACTION NO.   2:21-cv-979<br><br>ELECTRONICALLY FILED<br><br>COMPLAINT IN CIVIL ACTION |

Filed on behalf of Plaintiff:
JESSICA STRAUTMANN

Counsel of Record for this Party:
Matthew C. Cairone
PA ID No 49638
Fishkin Lucks LLP
1601 Market St., 19th Fl.
Philadelphia PA 19103
(267) 627-1234
mcairone@fishkinlucks.com
JURY TRIAL DEMANDED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA STRAUTMANN,<br><br>  Plaintiff,<br><br>v.<br><br>R.A.M. RODNEY CORNER, INC. and ADAM BAKER,<br><br>  Defendants. | CIVIL ACTION NO.<br><br>ELECTRONICALLY FILED<br><br>COMPLAINT IN CIVIL ACTION |

**COMPLAINT**

Plaintiff, Jessica Strautmann, files this Complaint against Defendants R.A.M. Rodney Corner, Inc. ("RC") and Adam Baker ("Baker") and states:

**Jurisdiction, Venue, and Exhaustion of Administrative Remedies**

1. This is an action for money damages, declaratory relief, and injunctive relief. It is brought under Title VII of the Civil Rights Act (42 U.S.C. Sections 2000E et seq.) ("Title VII"), as amended by the Pregnancy Discrimination Act, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. Sections 951-963.

2. This Court has original jurisdiction under 28 U.S.C. Section 1331 and should exercise its supplemental jurisdiction over state law claims under 28 U.S.C. Section 1367(a).

3. Venue in this District is proper under 28 U.S.C. Section 1391(b) because the parties reside in this District and the unlawful practices complained of occurred in this District.

4. On April 13, 2020, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that RCC engaged in sex (pregnancy) discrimination. The charge was dual filed with the Pennsylvania Human Relations Commission.

5. On May 14, 2021, the EEOC issued Plaintiff a Notice of Right to Sue.

## Parties

6. Paragraphs 1 through 5 are incorporated.

7. Plaintiff is an adult citizen who resides in Greensburg PA. She is a member of a protected class (female).

8. Plaintiff was a nonexempt employee of RC within the meaning of Title VII and the PHRA.

9. Defendant RC is a Pennsylvania corporation with its principal place of business at 196 Holly Place, Mount Pleasant, PA 15666.

10. RC operates a business called Rodney Corner Café (the "Café") at 595 Clay Pike Road, Acme PA 15610.

11. RC is a "person" and an "employer" within the meaning of Title VII and the PHRA.

12. Defendant Baker is an adult male who is the operating manager of the Café for RC.

## Facts Giving Rise to This Action

13. Paragraphs 1 through 12 are incorporated.

14. RC employed Plaintiff as a bartender.

15. On April 27, 2019, Plaintiff informed Baker, RC's manager at the Café, that she was pregnant.

16. Baker's reaction was to tell Plaintiff, "You've got to be f**king kidding me."

17. Shortly after Plaintiff told Baker she was pregnant, RC reduced Plaintiff's work schedule to one shift per week.

18. On July 21, 2019, RC did not list Plaintiff on the work schedule, and Baker wrote: "2 hot 4 U" next to Plaintiff's name.

19. On July 27, 2019, Plaintiff told Baker that she could work despite her pregnancy, that the heat was not an issue and did not bother her, and that she was fully capable of doing her job.

20. On July 28, 2019, one day after Plaintiff told Baker she could work in heat despite her pregnancy, Baker wrote "It's 82 degrees" on the schedule next to Plaintiff's name and, again, she was not scheduled to work.

21. In early November 2019, Baker and other RC employees used group texts to ridicule Plaintiff because of her pregnancy.

22. Plaintiff gave birth to her son on November 20, 2019.

23. On January 4, 2020, Plaintiff sent Baker a text message asking when she would be put back on the work schedule.

24. Baker said he would Plaintiff on the following work schedule.

25. On January 11, 2020, RC put out a new work schedule, and Plaintiff was not on it.

26. Baker told Plaintiff that she was not on the schedule due to a lack of shifts. This was a pretext to keep Plaintiff away from work because of her pregnancy and the birth of her child.

27. Plaintiff told Baker, after seeing that he had not scheduled her for work on the January 11, 2020, schedule, that she was stressed out, not in a good place financially, and felt she was being treated unfairly because of her pregnancy and the birth of her child. Baker's response was, "find a new job."

28. On February 14, 2020, a bartender at the Café quit, and at least 3-5 bartender shifts opened at the Café.

29. On February 19, 2020, RC employees posted to Facebook again making fun of the Plaintiff's pregnancy.

3

30. Despite the shifts that opened in February 2020, RC did not put Plaintiff back to work. Instead, RC filled the shifts with employees who were not pregnant and who had no children.

31. On March 12, 2020, Plaintiff learned that RC hired a new bartender for the Café.

32. Plaintiff contacted Baker and asked, again, to be included on the schedule.

33. Baker told Plaintiff, again, that he would put her on the RC work schedule. He never did.

34. On or around August 15, 2020, RC hired three new bartenders for the Café, all of whom were males.

## COUNT I – PREGNANCY DISCRIMINATION AGAINST RCC

35. Paragraphs 1 through 34 are incorporated.

36. "The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy , childbirth, or related medical conditions; and women affected by pregnancy , childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e-2(h) of this title shall be interpreted to permit otherwise." 42 U.S.C. § 2000e

37. At all relevant times, Plaintiff was an employee of RC within the meaning of Title VII.

38. At all relevant times, RC was an employer of Plaintiff within the meaning of Title VII.

39. Plaintiff, a female, is a member of a class protected by Title VII.

40. At all relevant times, Plaintiff was qualified for her position as a bartender and met or exceeded the requirements for her job.

41. At the time they made decisions resulting in adverse employment consequences for Plaintiff, RC and Baker were aware that Plaintiff was pregnant.

42. RC refused to allow Plaintiff to work during or after her pregnancy for no reason other than Plaintiff being pregnant and giving birth to a child.

43. RC employees who were not pregnant were permitted to work under conditions in which RC did not allow the Plaintiff to work, including, for example, on days on which it was hot.

44. RC's actions are an intentional and unlawful practice in violation of Title VII.

## COUNT II – PREGNANCY DISCRIMINATION AGAINST BAKER

45. Paragraphs 1 through 44 are incorporated.

46. The acts and practices of RC as described in this complaint are unlawful discriminatory practices under the PHRA.

47. By his conduct, Baker aided and abetted the unlawful discrimination and is, therefore, personally liable under PHRA Section 955(e).

## REQUEST FOR RELIEF

For the preceding reasons, Plaintiff requests that the Court grant the following relief:

- Declaratory relief, including a declaration that Defendants violated Title VII and the PHRA.

- Injunctive relief, including an order that requires RC to implement policies and procedures to ensure compliance with Title VII and the PHRA with respect to pregnancy, childbirth, and related conditions.

- Compensation for loss of income, including front and back pay.

- Compensatory damages, including for emotional distress.

- Pre-judgment and post-judgment interest at the highest rate allowed by law.

- Attorneys' fees to the extent allowed by Title VII, the PHRA, or any other applicable statute or law.

- Other recoverable costs incurred.

- Such other relief as the Court deems proper and just.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Dated: July 23, 2021

                                              Respectfully submitted,

                                              FISHKIN LUCKS LLP

                                              /s/ Matthew Cairone
                                              Matthew Cairone
                                              1601 Market St., 19th Fl
                                              Philadelphia PA 19103
                                              267-627-1234
                                              mcairone@fishkinlucks.com
                                              Attorneys for Plaintiff